# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 15-3025-CV-S-MDH |
| | ) |
| **RASHIE KEYS,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

Pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri, the government's Motion for Revocation of Conditional Release (Doc. No. 35) was referred to the United State Magistrate Judge for preliminary review under § 636(b), Title 28, United States Code. The Magistrate Judge has completed his preliminary review of the Motion for Revocation of Conditional Release and has submitted a Report and Recommendation to the undersigned. (Doc. No. 48).

Defendant has filed exceptions to the Report and Recommendation of United States Magistrate in which he argues that the evidence presented at the hearing held July 17, 2018, is insufficient to show that Defendant's release would create a substantial risk of bodily injury to another person or serious damage to the property of another. (Doc. No. 49).

A review of the files and records in this case establishes that the Defendant violated his conditional release and failed to comply with his prescribed regimen of treatment. In a Notice of Violation and Request for Warrant, Senior U.S. Probation Officer Damaris Rodriquez-Feleke stated that Defendant violated the conditions of his release. (Doc. No. 28-1 at 3-5). The unanimous expert opinion of the Risk Assessment Panel is that Defendant suffers from a mental illness,

schizophrenia, and that his release would create a substantial risk of bodily injury to another person or serious damage to property of another due to his mental illness at this time. (Doc. No. 35-1 at 16).

After a careful review of the record before the Court, the Court finds that the evidence establishes that Defendant's conditional release should be revoked and that commitment under the provisions of 18 U.S.C. § 4246 is appropriate. Although Defendant chose not to receive an independent psychological examination, the remaining record does more than enough to establish by a preponderance of the evidence that Defendant failed to comply with his regimen and that in light of his failure his continued release would create a substantial risk of bodily injury to another person or serious damage to the property of another. Thus, revocation under 18 U.S.C. § 4246 is appropriate.

Accordingly, pursuant to 18 U.S.C. § 4246(f) the Court it **ORDERED** that the Defendant's Exceptions to Report and Recommendation of United States Magistrate are **OVERRULED.** (Doc. No. 49).

It is **FURTHER ORDERED** that the Report and Recommendation of the United States Magistrate Judge are **ADOPTED** and incorporated herein**.** (Doc. No. 48).

It is **FURTHER ORDERED** that the Motion for Revocation of Conditional Release is **GRANTED** (Doc. No. 35), and that Defendant's conditional release be **REVOKED.**

It is **FURTHER ORDERED** that Defendant be, and is hereby, committed to the custody of the Attorney General for hospitalization and treatment under the provisions of 18 U.S.C. § 4246.

**IT IS SO ORDERED.**

DATED:   August 9, 2018

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　 _/s/ Douglas Harpool_

**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**